IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
COLUMBUS DIVISION

| | |
|---|---|
| C.R.F.R., : | |
| : | |
| Petitioner, : | |
| : | |
| v. : | Case No. 4:25-cv-384-CDL-AGH |
| : | 28 U.S.C. § 2241 |
| Warden, STEWART DETENTION : | |
| CENTER, *et al.*, : | |
| : | |
| Respondents. : | |

# **ORDER**

Pending before the Court is Petitioner's application for a writ of habeas corpus (ECF No. 1). Petitioner is a native and citizen of Honduras who has resided in the United States since April 2023 after entering without inspection. Pet. ¶¶ 23, 32, ECF No. 1; Gloster Decl. ¶ 4, ECF No. 6-1. On October 23, 2025, he was taken into United States Immigration and Customs Enforcement ("ICE") custody and has been detained since then. Gloster Decl. ¶ 5. Petitioner contends that he is entitled to a discretionary bond hearing under 8 U.S.C. § 1226(a). Respondents argue that Petitioner is not entitled to a bond hearing because he is detained under 8 U.S.C. § 1225(b)(2), which mandates detention for certain aliens, without an opportunity for a bond hearing.

As Respondents concede, though, the issue presented in this action is identical to the issue the Court decided in *J.A.M. v. Streeval*, No. 4:25-cv-342-CDL, 2025 WL 3050094 (M.D. Ga. Nov. 1, 2025). Based on the Court's rationale in *J.A.M.*, the Court finds that Petitioner's detention is governed by 8 U.S.C. § 1226(a). The Court thus grants Petitioner's petition for a writ of habeas corpus to the extent that the Court

orders Respondents to provide Petitioner with a bond hearing to determine if Petitioner may be released on bond under § 1226(a)(2) and the applicable regulations.[1] *See* 8 C.F.R. §§ 236.1 & 1236.1.

**IT IS SO ORDERED**, this 2nd day of December, 2025.

                                                    s/Clay D. Land  
                                                    CLAY D. LAND  
                                                    U.S. DISTRICT COURT JUDGE  
                                                    MIDDLE DISTRICT OF GEORGIA

---

[1] As Respondents correctly argue, claims for administrative relief are not cognizable in a habeas action. *See Pierre v. United States*, 525 F.2d 933, 935–36 (5th Cir. 1976) ("[H]abeas is not available to review questions unrelated to the cause of detention. Its sole function is to grant relief from unlawful imprisonment or custody and it cannot be used properly for any other purpose. While it is correctly alluded to as the Great Writ, it cannot be utilized as a base for the review of a refusal to grant collateral administrative relief or as a springboard to adjudicate matters foreign to the question of the legality of custody."). Therefore, Petitioner's claim for writ of mandamus is **DENIED** without prejudice.